## STATE EX REL. *v.* GREENFIELD.

(162 Pac. 858.)

**Attorney and Client—Disbarment Proceedings—Petition—Sufficiency.**

1. The mere fact that a petition for disbarment of an attorney was entitled "In the Supreme Court of the State of Oregon in and for Multnomah County" did not invalidate it, but the addition of the words naming the county was a clerical error, and could not mislead defendant.

**Attorney and Client—Disbarment Proceedings—Petition—Sufficiency.**

2. Since a proceeding for disbarment is neither civil nor criminal, and is governed by its own rules and not by those governing complaints in civil actions or criminal proceedings unless the statute has made them applicable and there is no requirement that the complaint be verified, the court will merely require such verification as assures good faith.

**Attorney and Client—Disbarment Proceedings—Petition—Sufficiency.**

3. In a proceeding for disbarment of an attorney, a verification made on affidavits of an attorney, who deposed that he was attorney

for petitioners and was one of the petitioners himself and a member of the bar association, is technically sufficient.

**Attorney and Client—Disbarment Proceedings—Technical Accuracy.**

4. In disbarment proceedings, the court will look to the substance of the charge rather than the technical accuracy with which it is presented.

Original proceedings in disbarment.

In Banc.

On motion to strike petition. MOTION OVERRULED.

*Mr. J. R. Greenfield,* for the motion.

*Mr. E. L. McDougal, contra.*

PER CURIAM.—1. This is a proceeding to disbar the defendant for alleged misconduct. Defendant moves to strike the petition from the files for the reasons: (1) That it is entitled, "In the Supreme Court of the State of Oregon in and for Multnomah County"; (2) that it is not properly verified. As to the first objection it is plain that the error is merely clerical, and the objection frivolous. The addition of the words "In and for Multnomah County" to the title evidently could not and did not mislead defendant.

2. As to the verification it may be said that a proceeding to disbar an attorney is special in its nature. It is not a civil action nor a criminal proceeding, but on account of the serious consequences which may ensue from a conviction it may be termed a *quasi*-criminal proceeding. It is governed by its own rules, and neither the statutory provisions in regard to complaints in civil actions nor indictments in criminal proceedings apply to it, except in so far as the statute has made them applicable. There is nothing in the statute itself that requires the complaint to be verified, but

observing an analogy to civil proceedings this court will require such verification as will assure it that the complaint is *bona fide,* and will not act upon a complaint which is unverified.

3. The verification is made in this proceeding by the affidavit of E. L. McDougal, who deposes that he is attorney for the petitioners and that the petition is true as he verily believes. The petition itself states that the petitioners, Roscoe C. Nelson, C. L. Whealdon, Arthur I. Moulton, Bartlett Cole, Ben C. Dey and E. L. McDougal are duly admitted practicing attorneys, practicing in the City of Portland, and are members of the grievance committee and counselor, respectively, of the Multnomah County Bar Association, and are the duly authorized representatives of such association. These gentlemen are the real complainants, and E. L. McDougal is one of them. Considering the verification in connection with the allegations of the petition verified, we think it technically sufficient.

4. In these proceedings the court will look rather to the substance of the charge than to the technical accuracy with which it is presented. If it states facts sufficient to constitute a violation of the duties of an attorney with sufficient accuracy to enable the accused to know what is charged against him and to prepare his defense, we are not inclined to dispose of the case upon mere technical objection to matters of form.

The motion will be overruled and the defendant given ten days within which to answer.

MOTION OVERRULED.